BEN DUPRE, Bar No. 231191
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

RONALD WILCOX, Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@gmail.com

Counsel for the Plaintiff, Roberto Alcaraz Leon

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ROBERTO ALCARAZ LEON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, and DOES 1-10<br><br>　　　　Defendant. | Case No.:<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. In 2010, as a last resort, Mr. Alcaraz filed for bankruptcy protection. With two small children to support, he was out of options. Throughout the years following his bankruptcy filing, he made all his monthly Chapter 13 plan payments. After completing his bankruptcy, he felt he finally had a new start. Yet, despite knowing about Mr. Alcaraz's bankruptcy, Equifax is falsely reporting on Mr. Alcaraz's credit report that he

COMPLAINT

1

still owes almost two hundred thousand dollars[1]).  Mr. Alcaraz disputed this directly to Equifax with detailed supporting information.  Yet despite this, Equifax failed to perform a proper reinvestigation, an obligation set forth under the Federal Fair Credit Reporting Act.  And instead, used a defective, automated system (with little to no human involvement) that failed to properly respond to Plaintiff's dispute.  As a result, the false and incomplete information remains.

2. As a result of Equifax's unlawful acts and omissions, Mr. Alcaraz has suffered emotional distress, including nervousness, stress, embarrassment, frustration, loss of enjoyment in life, anger, fear, among other negative emotions.  In addition, Mr. Alcaraz applied for a credit card with Wells Fargo some months ago, and was denied.

3. According to the most recent FTC Study conducted in December 2012[2], one in five consumers had an error on at least one of their three credit reports.

4. As the 9th Circuit has stated, "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them.  *Guimond v. Trans Union Credit Information Co.* (1995) 45 F.3d 1329.

According to the FCRA, 15 U.S.C. 1681:

> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

5. Equifax's conduct is part of a business plan and practice of unlawful credit reporting abuse warranting punitive damages.  Equifax has a history or plan of unlawful credit reporting practices similar herein, including but not limited to: *Miller v. Equifax,* 3:11-

---

[1] Equifax falsely shows that Plaintiff still owes former Creditor JPMorgan Chase Bank $171,780, with a past due amount of $6,448, and a scheduled payment amount of $1,048.  In addition, Equifax is falsely showing that Plaintiff still owes Technology Credit Union $5,379, with a past due amount of $5,379, and a scheduled payment amount of $522.

[2] FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003

COMPLAINT

2

Case No.: CV-01231 BR (D.OR 2011); *Drew v. Equifax Information Services, LLC,* et al., Case No.: 3:07-CV-00726-SI (N.D. Cal. 2007) ($1,021,326.60 verdict): *Nelson v. Equifax Information Services, LLC.* Et al., Case No.: CV06-1568-RGK (Plax) (C.D. CA 2006); *Kirpatrick v. Equifax Credit Information Services,* Case No.: CV02-1197-MO (D.OR 2002) ($210,000 verdict).

## II. JURISDICTION AND VENUE

6. Defendant is authorized to do business and do business in California.

7. Jurisdiction of this Court arises under California Civil Code of Procedure Sections 395 and 395.5.

8. Venue is proper in that Defendant transact business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff, Roberto Alcaraz ("Mr. Alcaraz"), is a natural person residing in San Jose, California. Plaintiff is a "person" as defined by 15 U.S.C. Section 1681a(b), and a consumer as defined by 15 U.S.C Section 1681a(c).

10. Defendant, Equifax ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia, which was at all relevant times doing business in Santa Clara County. Equifax is a consumer reporting agency, as that term is defined under Title 15 U.S.C. 1681a (f).

11. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who there are sued by such fictitious names.

12. Plaintiff is informed and believes and thereon alleges that the fictitiously named Defendant perpetrated some or all of the wrongful acts alleged herein, is responsible in

COMPLAINT

3

some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend his complaint to state the true names and capacities of such fictitiously named defendant when ascertained.

13. Plaintiff alleges that at all times herein mentioned, the Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendant. And in doing the things herein alleged, Defendant were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendant.

14. Defendant authorized, approved, and/or ratified the acts herein.

15. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Plaintiff to refer to all the defendants above.

## IV.    FACTS

**Plaintiff Files for Chapter 13 Bankruptcy Protection**

16. On October 15, 2010, Plaintiff sought protection from his creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Case number 10-60711.

17. On December 1, 2010, the meeting of creditors (section 341(a)) was held in San Jose, California.

**Equifax Became Aware of Plaintiff's Bankruptcy**

18. Equifax was notified of the meeting of creditors (section 341(a)) from the Bankruptcy Noticing Center on or about October or November 2010.

19. In 2010, Equifax was aware that Plaintiff had filed Chapter 13 bankruptcy.

**Equifax Became Aware that that Plaintiff Obtained a Discharge**

20. On or about August 14, 2012, Plaintiff completed his Chapter 13 plan payments and the Trustee administering the bankruptcy issued a Notice of Bankruptcy Completion.

COMPLAINT

21. On or about September 12, 2012, in successfully concluding the bankruptcy, the bankruptcy court issued a Discharge Order, pursuant to 11 U.S.C. section 1328(a).

22. The discharge order discharged the debts (incurred as of the date of the filing of the petition), including the account discussed herein.

23. JPMorgan Chase Bank was noticed by electronic transmission of Plaintiff's discharge on or about September 2012.

24. Technology Credit Union was notified by first class mail of Plaintiff's discharge on or about September 2012.

25. In 2012, Equifax became aware of Plaintiff's discharge order from the bankruptcy court.

**Equifax Falsely Reports Plaintiff Owes Almost Two Hundred Thousands of Dollars**

26. In November 2013, in order to verify accurate reporting, Plaintiff obtained his consumer report ("credit report"), as that term is defined under Title 15 U.S.C. 1681a(d).

27. The Equifax credit report dated November 6, 2013 reflected that the JPMorgan Chase Bank account was falsely showing that Plaintiff had a balance of $171,780.

28. The Equifax credit report dated November 6, 2013 reflected that the Technology Credit Union account was falsely showing that Plaintiff had a balance of $5,379.

29. Equifax did not list that the JPMorgan Chase account was discharged per the Chapter 13 bankruptcy.

30. Equifax did not list that the Technology Credit Union account was discharged per the Chapter 13 bankruptcy.

**Equifax Continues to Falsely Report**

31. In response, on or about December, 2013, Plaintiff sent to Equifax a letter disputing the inaccurate reporting.

32. Plaintiff's dispute letter requested the inaccuracies be fixed.

33. Equifax received Plaintiff's December 2013, dispute letter.

COMPLAINT

34. Upon receipt of Mr. Alcaraz's December 11, 2013 dispute letter, Equifax had a statutory duty to conduct a reinvestigation pursuant to 15 U.S.C. 1681(a)(1)(A).

35. Despite Equifax's statutory duty to conduct a reinvestigation, Equifax did not properly reinvestigate any of Plaintiff's disputes.

36. Equifax did not modify, remove, or permanently block any of the disputed items identified in Plaintiff's dispute letter.

37. In response to Plaintiff's December 11, 2013 dispute letter, Equifax sent Plaintiff a reinvestigation results letter (dated December 19, 2013), which indicated it was still falsely reporting that Plaintiff owes almost two hundred thousands of dollars.

    - Equifax is falsely reporting that Plaintiff has a balance with JPMorgan Chase Bank of $171,780, is past due in the amount of $6,448, and has a scheduled payment of $1,048.

    - Equifax is falsely reporting that Plaintiff has a balance with Technology Credit Union of $5,379, is past due in the amount of $5,379, and has a scheduled payment of $522.

38. Plaintiff also disputed a false name purported to be Plaintiff's name that Equifax was reporting, and asked that Equifax indicate where it got this information from.  Equifax failed to provide the source of that information, as it is required to do under 1681g(2).

39. Equifax acted recklessly and with indifference in response to Plaintiff's December 11, 2013 letter disputing false and incomplete information on his credit report.

40. To date, Equifax refuses to correct Plaintiff's credit report.

## V. FIRST CLAIM – – FCRA
15 U.S.C. 1681i(a)(1)(A), i(a)(2)(A), i(a)(4), e(b), (g)(2)

41. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

COMPLAINT

**1681i Violations**

42. Plaintiff promptly disputed to Equifax regarding the inaccurate reporting of JPMorgan Chase and Technology Credit Union with his December 2013 dispute letter.

43. Upon receipt of Plaintiff's December 2013 dispute letter, Equifax had a duty to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

44. Equifax's acts and omissions violated section 1681i including, but not limited to, the below:

- Equifax failed to conduct a reasonable reinvestigation in response to Plaintiff's dispute, per section 1681i(a)(1)(A).
- Equifax failed to notify the furnishers of the information being disputed by Plaintiff, per section 1681i(a)(2)(A).
- Equifax failed to review and consider all relevant information submitted by Plaintiff with respect to his dispute, per section 1681i(a)(4).

**1681e(b)**

45. Equifax's acts and omissions violated section 1681e(b), in that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when it prepared a credit report of Plaintiff, as well as the response it provided to Plaintiff following his dispute letter.

46. Equifax's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duties to ensure maximum possible accuracy in preparing a credit report, in conducting a reasonable reinvestigation, in reviewing and considering all relevant information submitted by the consumer, in notifying the furnisher of the disputed information, and notifying the consumer of the results of that investigation.

47. Equifax knowingly and intentionally failed to correct the erroneous credit information in

COMPLAINT

direct violation of the Fair Credit Reporting Act.

48. Equifax willfully and negligently failed to comply with its duty to ensure maximum possible accuracy and in its duty to reinvestigate, notify furnishers of the disputed information, and consider all relevant information regarding Plaintiff's dispute.

49. As a direct and proximate result of Equifax's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

50. Equifax acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

**1681g(2)**

51. Pursuant to 1681g(2), a credit reporting agency shall, upon request, clearly and accurately disclose to the consumer the source of the information of all information in the consumer's file.  As discussed above, Defendant failed to do so.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays that judgment be entered against the Defendant for the following:

   A. Statutory damages pursuant to 15 U.S.C. 1681n;

   B. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. 1681n;

   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1681n and o;

   D. Actual damages against Defendant;

   E. For injunctive relief;

   F. For such other and further relief as may be just and proper.

Respectfully submitted,

COMPLAINT

8

1  /s/ Ben Dupre                                  02/27/14
   Ben Dupre, Counsel for Plaintiff               Date

2

3                    **DEMAND FOR JURY TRIAL**

4  Please take notice that Plaintiff, Plaintiff demands trial by jury in his action.

5  /s/ Ben Dupre                                  02/27/14
   Ben Dupre, Counsel for Plaintiff               Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT